```
                    UNITED STATES DISTRICT COURT
                              FOR THE
                         DISTRICT OF VERMONT
```

| | | |
|---|---|---|
| United States of America | : | |
| | : | |
| v. | : | Case No. 2:06-CR-75-1 |
| | : | |
| Michael Story | : | |

## OPINION AND ORDER
(Docs. 68 and 73)

Defendant Michael Story, a federal inmate proceeding *pro se*, has filed a motion to enforce an oral cooperation agreement that was allegedly offered to him prior to his guilty plea on drug-related charges. Story claims that the government promised to move for a sentence reduction in exchange for his cooperation, but failed to follow through on its promise. Story has also filed a motion for appointment of counsel.

The government opposes the motion to enforce, arguing that Story did not allege a cooperation agreement at either his change of plea or at sentencing. The government also asserts that any alleged agreement by law enforcement was not material to the plea, and that if there was such an agreement, it was not binding on the prosecution. For the reasons set forth below, Story's motions (Docs. 68 and 73) are DENIED.

Factual Background

Story was indicted in 2006 for conspiring to distribute crack cocaine. On June 6, 2007, he entered into a written plea agreement. (Doc. 26.) The plea agreement made no reference to a cooperation agreement. In fact, the plea agreement explicitly stated that "[n]o agreements have been made by the parties or their counsel other than those contained herein." *Id.* at 6. Further, the Court asked Story during his change of plea hearing whether there had "been any other promises or representations made by anyone that's induced you to plead guilty today?" Story responded in the negative. (Doc. 44 at 10.)

On November 16, 2007, the Court sentenced Story to 360 months in prison. At the sentencing hearing, defense counsel moved for a downward departure based on Story's attempts to cooperate with the government. Counsel conceded in his Sentencing Memorandum that, despite Story's efforts, the government had declined to offer him a cooperation agreement. (Doc. 36 at 7.)

Story appealed, and the case was remanded for further proceedings consistent with *United States v. Regalado*, 518 F.3d 143 (2d Cir. 2008). On July 30, 2009, the Court re-

sentenced Story to 324 months. There was no mention of a cooperation agreement at that time. (Doc. 63.)

Story now claims that prior to his plea, he entered into an oral cooperation agreement with the expectation that the government would move for a sentence reduction. Specifically, he claims that an FBI agent "told defendant he would receive a motion for sentence reduction based on his assistance" with other criminal investigations. (Doc. 68 at 4.) Story further contends that without this promise, he would not have entered into the plea agreement. For relief, he requests an evidentiary hearing so that "the agent can testify about the oral agreement that was made between him and the government which entitles him to relief." (Doc. 71 at 3.)

## Discussion

It is undisputed that there was no written cooperation agreement in this case. It is also undisputed that a cooperation agreement was not a part of Story's plea agreement. A cooperation agreement was not mentioned at the change of plea hearing, and Story's counsel conceded prior to sentencing that there had been no such agreement.

These facts distinguish this case from those upon which

3

Story relies in his memorandum, most notably *United States v. Leonard*, 50 F.3d 1152 (2d Cir. 1994). Story cites *Leonard* for the proposition that a cooperation agreement need not be in writing in order for a defendant to be entitled to a hearing on the question of whether the government acted in good faith. In *Leonard*, however, the government had accepted the defendant's cooperation and provided a written agreement, signed by both parties, stating that it would make a motion under U.S.S.G. § 5K1.1 if it determined that the defendant had provided substantial assistance. 50 F.3d at 1157. There is no evidence of such an agreement in this case.

Furthermore, the plea agreement itself stated that the government had not entered into any other agreements aside from what was expressly set forth therein. Courts have held that by accepting a plea agreement, a defendant waives his right to enforce agreements that allegedly preceded the change of plea. *See, e.g., United States v. Wright*, 43 F.3d 491, 494 (10th Cir. 1994) (by accepting government's plea agreement, defendant waived any claim that government breached its non-prosecution agreement); *accord, United States v. Coffin*, 76 F.3d 494, 497 (2d Cir. 1996) ("A

defendant who pleads guilty unconditionally while represented by counsel may not assert independent claims relating to events occurring prior to the entry of the guilty plea.").

There is no indication in Story's filings that he wishes to withdraw his guilty plea. If that is his intent, his motion still falls short, as "bald statements" contrary to those made at the time of a change of plea "are not sufficient grounds to withdraw the guilty plea." *United States v. Torres*, 129 F.3d 710, 715 (2d Cir. 1997).

Finally, if the Court accepts Story's representations as true, and an FBI agent did promise a sentence reduction, that promise is not binding on the prosecution. Although the government may not "ignore or renege on contractual commitments to defendants," *United States v. Rexach*, 896 F.2d 710, 714 (2d Cir. 1990) (citing *Santobello v. New York*, 404 U.S. 257 (1971)), federal law enforcement agents cannot bind the Office of the United States Attorney without authorization from that Office. *See United States v. Ellis*, 527 F.3d 203, 207 (1st Cir. 2008); *United States v. Fuzer*, 18 F.3d 517, 521 (7th Cir. 1994) (federal law enforcement agents cannot make binding promises not to prosecute without

authorization from the U.S. Attorney); *United States v. Streebing*, 987 F.2d 368, 373 (6th Cir. 1993). These cases are consistent with the general principle that "anyone entering into an arrangement with the Government takes the risk of having accurately ascertained that he who purports to act for the Government stays within the bounds of his authority." *Doe v. Civiletti*, 635 F.2d 88, 96 (2d Cir. 1980).

There is no indication in this case that an FBI agent acted with authority from the Office of the United States Attorney when discussing a government motion for a sentence reduction. In fact, the record strongly suggests that there never was a cooperation agreement for the prosecution to consider. The Court therefore finds that Story is not entitled to specific performance of the alleged cooperation agreement, and his motion to enforce that agreement is DENIED.

## Conclusion

For the reasons set forth above, Story's motion to enforce specific enforcement of an oral cooperation agreement (Doc. 68) is DENIED. His motion for appointment of counsel (Doc. 73) is DENIED as moot.

Dated at Burlington, in the District of Vermont, this 26th day of March, 2012.

<pre>
                        /s/ William K. Sessions III
                        William K. Sessions III
                        Judge, United States District Court
</pre>