UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

United States of America  :
                          :
    v.                    :    Case No. 2:06-CR-75-1
                          :
Michael Story             :

OPINION AND ORDER
(Doc. 75)

Defendant Michael Story, a federal inmate proceeding *pro se*, moves the Court to reconsider its denial of his motion to enforce an oral cooperation agreement. The cooperation agreement was allegedly offered by the government prior to Story's guilty plea on drug-related charges. In its ruling on the previous motion, the Court found: that Story's plea agreement made no reference to a cooperation agreement; that Story had represented to the Court at his change of plea that there were no additional agreements; that defense counsel specifically stated in a sentencing memorandum that there had been no cooperation agreement; and that there was no mention of a cooperation agreement at Story's re-sentencing. Thus, the Court denied the motion.

The standard for granting reconsideration is "strict." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir.

1995). In order to merit reconsideration, the moving party must be able to "point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Id.* A motion for reconsideration "is not a substitute for appeal," *Morales v. Quintiles Transnat'l Corp.*, 25 F. Supp. 2d 369, 372 (S.D.N.Y. 1998), and is generally only granted on three grounds: "(1) an intervening change of controlling law, (2) the availability of new evidence, or (3) the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992).

Story's motion for reconsideration does not cite any change in the law. As to new evidence, he has submitted a letter from his defense attorney (Doc. 75-2), and claims that the letter confirms there was a cooperation agreement. First, the letter, written on May 9, 2011, is not "new evidence" since it pre-dated Story's initial motion. Furthermore, the letter merely confirms that Story met with an investigator and a prosecutor on a certain date. It says nothing about a cooperation agreement.

Story has also attached an affidavit in which he

attests to the existence of a cooperation agreement with the prosecution. (Doc. 75-4.) His mother has provided an affidavit as well, reporting that she had been forced to move "from residence to residence, state to state" because of threats arising out of her son's alleged cooperation with law enforcement. (Doc. 75-5.)

While Story may have cooperated with law enforcement in the past, the question here is whether the government has breached an enforceable cooperation agreement. The record does not support Story's claim, as the alleged agreement was never revealed to the Court previously, and both the government and defense counsel have stated in written submissions that there was no such agreement. (Doc. 36 at 7.);(Doc. 37 at 2.) Accordingly, the Court finds that reconsideration is not warranted by the need to "correct a clear error or prevent manifest injustice," *Virgin Atl. Airways, Ltd.*, 956 F.2d at 1255, and the motion for reconsideration (Doc. 75) is DENIED.

Dated at Burlington, in the District of Vermont, this 22nd day of October, 2012.

>/s/ William K. Sessions III
William K. Sessions III
Judge, United States District Court